# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY D. KOLTON, S. DAVID GOLDBERG, and JEFFREY S. SCULLEY, individually and on behalf of a class of all others similarly situated, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) MICHAEL W. FRERICHS, ) Treasurer of the State of Illinois, ) ) Defendant. ) | 16 C 3792<br><br>Judge Charles P. Kocoras |

## ORDER

Now before the Court is Plaintiff S. David Goldberg's ("Goldberg") motion seeking an entry of final judgment on his individual claim pursuant to our March 28, 2018 opinion ("Opinion") denying class certification. For the following reasons, the Court grants Goldberg's motion, enters final judgment on his claim, and certifies his claim for immediate appeal.

## STATEMENT

Plaintiffs Goldberg, Anthony D. Kolton ("Kolton") and Jeffrey S. Sculley ("Sculley") (collectively, "Plaintiffs") proposed a class action against the Treasurer of the State of Illinois, Defendant Michael W. Frerichs ("Frerichs" or "Treasurer"), challenging the constitutionality of a provision of the Illinois Uniform Disposition of Unclaimed Property Act, 765 ILCS § 1025/1, *et seq.* ("UPA" or the "Act"). They

claim that the UPA violates the Takings Clause of the United States Constitution because it denies unclaimed property owners any interest or return earned on their property while it is used for State purposes. The Court denied class certification, ruling that the putative class did not satisfy the commonality and typicality elements of Federal Rule of Civil Procedure 23(a). In its Opinion, the Court concluded that property owners are entitled to the interest earned on their property while in State custody *only if* they were already earning interest on it before the State took custody.

Unlike Kolton and Sculley, Goldberg is an owner of unclaimed property that was not earning interest before the State took possession.[1] He contends that the Court's conclusion that Seventh Circuit and Illinois case law limits Plaintiffs' claims to those involving interest-bearing accounts "terminates [his] claim…and is a final adjudication of his separate claim." He asks the Court to enter final judgment on his claim and certify his claim for immediate appeal. Frerichs does not oppose Goldberg's motion.

When an action involves more than one claim or multiple parties, the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the Court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court must first ensure that there has been a "final judgment," that is, "an ultimate disposition of an individual claim." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Next, the Court exercises discretion in

---

[1] Plaintiffs and Frerichs jointly stipulated that Goldberg's claim against the Treasurer is for an uncashed check from Logitech, Inc., which was not interest-bearing when it was delivered to the Treasurer.

2

determining whether an immediate appeal would offset the possible injustice of delaying final judgment on a distinct claim until the adjudication of the entire case. *Rockwell Graphic Sys., Inc. v. Dev Indus., Inc.*, 1993 WL 45947, at *1 (N.D. Ill. 1993) (quoting *Schaefer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 235 (7th Cir. 1972) ("[A]n application for a 54(b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present.")).

Goldberg argues that, although the Court's Opinion settled a motion for class certification, the Opinion is a ruling on the merits of his claim. We denied class certification because the breadth of the putative class, which included both interest-bearing and non-interest bearing property, raised issues with commonality and typicality. Our decision hinged on our conclusion that Seventh Circuit and Illinois case law limits Plaintiffs' claims to those involving interest-bearing accounts. Though not intended to be a ruling on the merits of Goldberg's claim, our determination effectively shuts Goldberg out as an owner of non-interest-bearing property.[2] We have essentially disposed of Goldberg's claim and ruled against him, albeit indirectly. Our Opinion was thus a final judgment on Goldberg's separate and distinct claim.

There is no just reason to delay the appeal of Golberg's claim. As Goldberg notes, precedent on this issue lacks complete clarity and "presents an important issue

---

[2] Goldberg states that our conclusion is "a final determination of Goldberg's claim on the merits and is tantamount to a dismissal of his claim with prejudice." To be clear, the Court did not rule on Goldberg's claim in its Opinion, and there is no reason to believe that Goldberg's claim was dismissed *with prejudice*, which would not be warranted under these circumstances.

3

that should be immediately decided by the Seventh Circuit." In our Opinion, we wrestled with the issue of whether the case law limits Plaintiffs' claims to those with interest-bearing accounts. We noted that the Seventh Circuit's opinion in *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013), focused on the interest-bearing aspect of the plaintiff's bank account in determining that the statute constituted a taking. In *Cerajeski*, the Seventh Circuit analyzed relevant Illinois case law that distinguished between interest-bearing and non-interest-bearing accounts. *Id.* at 581 (discussing *Cwik v. Giannoulias*, 237 Ill. 2d 409 (2010) and *Canel v. Topinka*, 212 Ill. 2d 311 (2004)). In *Kolton v. Frerichs*, 869 F.3d 532 (7th Cir. 2017), however, the Seventh Circuit did not consider the form of the property before it entered the unclaimed property program. Instead, it appears that the court recognized that the Takings Clause protects the time value of money and summarized *Cerajeski*'s holding generally, without contemplating the type of property at issue. Our Opinion also noted that the issue before the Seventh Circuit in *Kolton* was subject-matter jurisdiction, not whether property owners are entitled to interest earned on their property.

Immediate resolution of this issue would not only provide guidance for this case, but would also facilitate judicial efficiency. Parceling out Goldberg's claim for a final resolution on appeal would illuminate to the parties and the Court the legal scope of a judgment in this case, *i.e.*, whether such a judgment would reach interest-bearing accounts only or all types of property. This would allow the Court to

make a single judgment and determine the proper measure of just compensation accordingly. Goldberg's claim is sufficiently distinct such that there is no risk of "piecemeal appeals" arriving in the Seventh Circuit. Finally, allowing Goldberg to appeal now avoids a waste in judicial resources, as he makes clear that he would inevitably appeal our foreseeable adverse judgment on his claim.

## **CONCLUSION**

For the aforementioned reasons, the Court grants Goldberg's motion. The Court enters final judgment on Goldberg's claim and certifies it for appeal. All other proceedings in this litigation are stayed pending resolution of Goldberg's appeal. It is so ordered.

_____
Charles P. Kocoras
United States District Judge

Dated: 6/20/2018