IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY D. KOLTON *et al*, individually and on behalf of a class of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 16-cv-3792 |
| MICHAEL W. FRERICHS, Treasurer of the State of Illinois, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR RENEWED MOTION FOR CLASS CERTIFICATION**

Plaintiffs Kolton, Goldberg and Sculley seek certification of a class of "all persons who are owners of property in the Illinois unclaimed property program that is in the form of money." This is the same class that plaintiffs previously sought to have certified and that this Court declined to certify on the ground that the proposed class was overbroad and included property that was held in both interest-bearing and non-interest-bearing accounts before the state took custody. This Court further concluded that only owners of unclaimed property that was earning interest at the time the state took custody were entitled to compensation. Because that conclusion terminated plaintiff Goldberg's claim, he moved for a Rule 54(b) judgment dismissing his claim, which this Court granted.

On the appeal of that judgment, the Seventh Circuit held that the owner of unclaimed property is "entitled to income that the property earns" while in state custody and that the entitlement "does not depend on what [the property] had been earning in the owner's hands." *Goldberg v. Frerichs*, 912 F.3d 1009, 1011 (7th Cir. 2019). The Seventh Circuit noted that its ruling "may lead the district court to reconsider its ruling on class certification." *Id* at 1012.

Plaintiffs now request that this Court do just that and grant plaintiffs' motion for class certification.

Although the state has amended its unclaimed property act to require the Treasurer to pay interest on interest-bearing demand, savings or time deposit accounts delivered into state custody on or after July 1, 2018, 765 ILCS 1026/15-607(c), this amendment provides no compensation for other property in the unclaimed property program that is in the form of cash.[1] Moreover, the compensation allowed by the amended act for these interest-bearing accounts is not based on the measure of compensation required by the Seventh Circuit, namely the owner's loss of the time value or option value of the money while in state custody. The Act as amended provides that the Treasurer shall pay interest at the rate which is the lesser of: (a) any percentage increase in the Consumer Price Index; or (b) the interest rate earned while property was in the possession of the holder, for example a bank, before it delivered unclaimed property to the state. Neither of these measures is the equivalent of the time value of money; and neither approximates what the state earns on its investments or what the state pays to borrow money. Plaintiffs and the class will not be compensated for the loss of the time value of their money, regardless of which statutory provision applies. Thus, plaintiffs seek to represent a class of all owners of property in the unclaimed property program in the form of money.

## ARGUMENT

**I.     The Proposed Class Satisfies the Requirements of Rule 23(a).**

Rule 23(a) provides (Fed. R. Civ. P. 23(a)):

---

[1] The Amended Complaint was filed before the Act was amended and cites to the pre-amendment provisions. The amendment, however, did not remedy plaintiffs' claim, and the Seventh Circuit's ruling in *Goldberg v. Frerichs*, 912 F.3d 1009 (7th Cir. 2019) cites to the amended Act's provisions as being the governing law.

2

> "(a)  Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) The class is so numerous that joinder of all members is impracticable;
> (2) There are questions of law or fact common to the class;
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) The representative parties will fairly and adequately protect the interests of the class."

Defendant has not questioned that the proposed class satisfies the numerosity requirement of Rule 23(a) or that plaintiffs' counsel are competent to be class counsel. Defendant's previous objection that the class was overbroad because it included property that was non-interest-bearing as well as interest-bearing before delivery to the state has, of course, been disposed of by the Seventh Circuit. The proposed class satisfies Rule 23(a)(2)'s commonality requirement as there is a common contention that will resolve the issue central to each claim (*Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 434 (7th Cir. 2015)), namely that the class member is entitled to just compensation when he reclaims money property in state custody. And the measure of compensation for loss of the time value of money while in state custody also presents a "common contention that is capable of class-wide resolution," regardless of whether the property was delivered to the state before or after the 2017 amendment to the Act.

Rule 23(a)(3) typicality is also satisfied because the legal theories and central questions in this litigation are the same for plaintiffs and all putative class members. Plaintiffs' claim that, when they seek return of their unclaimed property, the state will not pay just compensation is the claim of all class members -- both those class members whose property was not in an interest-bearing account before delivery to the state and those class members whose property was in an interest-bearing bank account. And it is typical of the claim of all class members whether their property was delivered to the state under the former or current Act. Rule 23(a)(3) is satisfied, where, as here, plaintiffs and class members claim that they were injured by the same state

3

policy. *Gomez v. PNC Bank, N.A.*, 306 F.R.D. 156, 171-72 (N.D. Ill. 2014); *Pawelczak v. Fin'l Recovery Svc.*, 286 F.R.D. 381, 387 (N.D. Ill. 2012).

For similar reasons, plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs' claims do not conflict with the claims of other class members: all class members seek the same relief from the same injury; and class representatives' proof would not damage or diminish other class members' ability to recover. *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1027-28 (7th Cir. 2018); *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 813 (7th Cir. 2013).

## II. The Proposed Class Satisfies the Requirements of Rule 23(b)(2)

Rule 23(b)(2) permits class certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Under both §1025/15 and §1026/15-607 of the Act, the Treasurer denies the time value of money across the board to property owners who reclaim their property. Under both statutes, the Treasurer denies any interest to property owners whose property was not in an interest-bearing bank account. And even where interest is allowed under the amended Act, the Treasurer limits the amount of interest to be paid to those persons to the lesser of any percentage increase in the CPI or the interest rate earned on the property before it was delivered to the state. Neither of these measures reflects the state's earnings from the property and neither satisfies the constitutional requirement that just compensation be paid. Thus, as to all class members, the Treasurer (the party opposing the class) refuses to pay just compensation.

Plaintiffs seek a declaration that they are entitled to just compensation reflecting the time value of their money while it is in state custody. They also seek injunctive relief requiring the state to pay just compensation in the future. A declaration that there has been a taking that

4

entitles the class to just compensation and the proper measure of that compensation, and an injunction to ensure future compliance is appropriate relief for the class as a whole. *Pella Corp. v. Saltzman,* 606 F.3d 391, 395 (7th Cir. 2010) (Rule 23(b)(2) class appropriate for purchasers of allegedly defective windows seeking declaratory relief and specific performance of a warranty).

## Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' Renewed Motion for Class Certification.

April 22, 2019 /s/ Terry Rose Saunders

Terry Rose Saunders
THE SAUNDERS LAW FIRM
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60602
Tel: 312-444-9656
tsaunders@saunders-lawfirm.com

Thomas A. Doyle
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Tel: 312-346-2222
tad@wexlerwallace.com

Arthur Susman
LAW OFFICES OF ARTHUR SUSMAN
55 West Wacker Drive, Suite 1400
Chicago, Illinois 60601
Tel: 847-800-2351
arthur@susman-law.com

*Counsel for Plaintiffs Anthony D. Kolton, S. David Goldberg and Jeffrey S. Sculley and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I certify that, on April 22, 2019, I caused a copy of the foregoing document to be served via the Court's ECF system on all Counsel who have appeared in the case.

/s/Thomas A. Doyle