IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY D. KOLTON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 16-cv-3792 |
| | ) | |
| v. | ) | Hon. Charles Kocoras |
| | ) | |
| MICHAEL W. FRERICHS, Illinois State Treasurer, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

Defendant Michael Frerichs, in his official capacity as Illinois State Treasurer, by his counsel, Kwame Raoul, Illinois Attorney General, submits this memorandum of law in opposition to Plaintiffs' Motion for class certification. While we recognize there will be a class certified in this case, Defendant wishes to highlight potential problems with the Plaintiffs' proposed class definition and the timing of this motion. As we discuss below, not every unclaimed property owner seeking money is similarly situated in terms of their baseline legal entitlement. Some are already entitled to interest, others are not. That difference might affect class certification, depending on how the merits are resolved.

**ARGUMENT**

Plaintiffs seek interest payments on unclaimed property when it is returned to them, and have moved for class certification of all holders of unclaimed property "in the form of money." Doc. 74. The Court initially refused to certify a class of this scope because it believed there were legally significant differences between unclaimed property that was in an interest-bearing account at the time the State took custody of it and other forms of money, such as an uncashed

1

check that would not be earning interest. In *Goldberg v. Frerichs,* 912 F.3d 1009 (7th Cir. 2019), the Court of Appeals disagreed and held that the State had an obligation to pay interest regardless of whether the money was earning interest at the time it came into the State's custody, and encouraged this Court to reconsider the class certification issue.[1] Plaintiffs have now renewed the motion for class certification with the same definition: persons seeking return of unclaimed property that the State is holding in the form of money. For purposes of this case, we can set to one side unclaimed property like jewelry or coins having numismatic value before they are converted to money. The Treasurer does take custody of unclaimed tangible items of this type and will eventually auction them for their monetary value.

As we indicated in our first round of briefing, some of the Rule 23(b)(2) criteria are clearly met here. There is no dispute about numerosity. Plaintiffs will adequately represent the interests of the class unless there are conflicts within the class. Certainly, a class of some definition will be appropriately certified.

Defendants, however, have one significant concern. There is one part of the proposed class that is differently situated from everybody else. The relatively new state statute, 765 ILCS 1026/15-607(c) ("Section 15-607(c)"), which was passed after this suit began, provides for interest for unclaimed property that was in interest-bearing accounts at the time it came into state custody beginning July 1, 2018. Interest ceases after 10 years under the statute. So some class members, as Plaintiffs have defined the class, are already getting relief, while others (surely the bigger subset) are not. Plaintiffs do not have a class representative in this "subclass."

---

[1] *Goldberg* cited the guidance of *Brown v. Legal Foundation of Washington,* 538 U.S. 216, 237-40 (2003), that the measure of compensation should be the claimant's pecuniary loss, not the value of the public's gain. 912 F.3d at 1011-12.

The Seventh Circuit held in *Kolton v. Frerichs*, 869 F.3d 532 (7th Cir. 2017), that Plaintiffs are entitled to injunctive relief that will require the payment of interest. But we do not know what the nature and extent of that relief ultimately will be. The Seventh Circuit has also said that some amounts of unclaimed property may be so small that no interest need be paid considering the State's administrative costs. *Goldberg,* 912 F.3d at 1011.[2] We note however, that under the new statute there is no *de minimis* exclusion of this type. If this Court were to decide that class members (meaning *all* defined class members) were to receive interest on unclaimed property in the form of money, except those with claims under (just to take an example) $100 or $200, a member of the subclass governed by the state statute might justifiably object that he or she would be in a better position if there had been no class action. Or there would have to be disparate remedies imposed, an outcome incompatible with the idea that a class action should yield "common answers." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2012). "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* (internal citation omitted).

Another point of factual difference (and potential disagreement between the parties) might be the applicable interest rates. Under Section 15-607(c), if the property was bearing interest on or after July 1, 2018, interest is paid to the apparent owner; the interest rate is the lesser of the inflation rate based on the Consumer Price Index or the holder's rate of interest. There is no way of knowing whether this Court would agree or disagree with this formula for the rest of the class, or even if the Court would need to decide that question.

---

[2] *Goldberg* noted that on remand to this Court, "it may be hard to administer the line established by *Brown.*" *Id.* at 1011.

3

On the other hand, one can envision scenarios where it might be advantageous to the State (and the Plaintiffs) to have one binding judgment on all unclaimed property money claimants. But it would depend on what the relief was, and we are not in a position to predict that at this time. For this reason, we are reluctant to agree to a class definition that is potentially larger than it should be, that has different subgroups of people who are not similarly situated, and that could subject the State to greater liability than is otherwise appropriate.

This is a case where the class definition and the merits are linked. Rule 23 does not require that a class certification decision be made immediately or as the first order of business. The decision should be made "at an early practicable time after a person sues…" FRCP 23(c)(1)(A). The Court has discretion on the timing, as the comments to the 2003 amendments to Rule 23 indicate: "*Although many circumstances may justify deferring the certification decision, active management may be necessary to ensure that the certification decision is not unjustifiably delayed.*" (Emphasis added). This is not a case where the class decision has been "unjustifiably delayed." The parties have are in the midst of meaningful discussions toward settlement, and the Defendant's concern is that a class certification decision now divorced from merits considerations may have the unintended effect of putting the parties in a straitjacket with respect to the types of across-the-board resolutions that might be possible for persons who are currently entitled to interest under the statute and those who will be after *Goldberg*. Class certification decisions often require an examination of the merits of the case, and are thus frequently considered at the end of discovery. *See, e.g*., *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010) ("A district court must make whatever factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied before deciding whether a class should be certified, even if those considerations overlap the merits of the case.").

Accordingly, the Court should defer a decision on the exact shape of the class until the parties have discussed possible resolutions that would fairly accommodate all unclaimed property holders consistent with the Seventh Circuit mandate. If the parties find themselves at an impasse after a reasonable time, then the Court can promptly take up this motion.

## CONCLUSION

For the foregoing reasons, Defendant requests that the motion for class certification be denied without prejudice or deferred, pending further attempts to resolve the case on the merits.

Respectfully submitted,

**KWAME RAOUL**
Attorney General of Illinois

_s/Thomas a. Ioppolo_____
Thomas A. Ioppolo
Sarah H. Newman
Assistant Attorneys General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, IL 60601
(312) 814-7198
tioppolo@atg.state.il.us
snewman@atg.state.il.us