# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY D. KOLTON, S. DAVID GOLDBERG, JEFFREY S. SCULLEY, and HENRY C. KRASNOW, individually and on behalf of classes of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL W. FRERICHS, Treasurer of the State of Illinois, <br><br> Defendant. | ) ) ) ) ) ) ) ) No. 16-cv-3792 ) Hon. Charles P. Kocoras ) ) ) ) ) ) |

**ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT, DIRECTING THE ISSUANCE
OF NOTICE TO THE CLASSES, AND SETTING A FAIRNESS HEARING**

WHEREAS:

A. Plaintiffs, Anthony D. Kolton, S. David Goldberg, and Jeffrey S. Sculley, on behalf of themselves and on behalf of the F.R. Civ. P. 23(b)(2) Class they represent, and Plaintiff, Henry C. Krasnow, on behalf of himself and on behalf of the F.R. Civ. P. 23(b)(3) Settlement Class he represents (collectively "Plaintiffs"), and Defendant, Michael W. Frerichs, Treasurer of the State of Illinois, ("Defendant" or "Treasurer"), have entered into a Settlement of the claims asserted in the above-titled action (the "Action"), the terms of which are set forth in an Agreement of Settlement and annexed exhibits dated June 10, 2021 (collectively, the "Settlement Agreement");

B. Plaintiffs and Defendant have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement in accordance with the terms and

conditions of the Settlement Agreement and directing the issuance of notice to the Classes in accordance with the Settlement Agreement; and

  C. The Court, having read and considered the Settlement Agreement, including the proposed Notice of Certification of Class Actions, Proposed Settlement of Class Actions and Hearing on the Proposed Settlement and Attorneys' Fee Petition (the "Notice"), the proposed Summary Notice of Proposed Settlement of Class Actions (the "Summary Notice"), and the proposed Judgment Approving Settlement and Dismissing Action, and having heard and considered the comments of counsel for Plaintiffs and Defendant in support of the Settlement, finds that substantial and sufficient grounds exist for entering this Order.

  NOW, THEREFORE, IT IS HEREBY ORDERED:

  1. The Court, for purposes of this Order, adopts all defined terms set forth in the Settlement Agreement. Any inconsistencies between the Settlement Agreement and the Notice will be controlled by the language of the Settlement Agreement.

  2. The Court preliminarily certifies the claims brought on behalf of the Rule 23(b)(3) Class (subject to review and final certification at the Settlement Fairness Hearing) pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, as a class action on behalf of all Persons who owned unclaimed property held in the form of money by the Illinois State Treasurer, and whose claim for return of their property was paid or approved in the period from August 22, 2017 through the date of this Order. Excluded from the Class are any Class Members who submit a Request for Exclusion from the Class in accordance with the Notice.

  3. The Court finds for the purposes of the Settlement only, and subject to review and final certification at the Settlement Fairness Hearing, that the prerequisites for a class action

under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Rule 23(b)(3) Class in that: (a) the number of Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiff Krasnow are typical of the claims of the Class that Plaintiff Krasnow seeks to represent; (d) Plaintiff Krasnow fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the Class members predominate over any questions affecting only individual Class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. For the purposes of the Settlement only, Plaintiff Henry C. Krasnow is certified as Class Representative of the Rule 23(b)(3) Settlement Class under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs' Counsel Terry Rose Saunders and Arthur Susman are appointed Class Counsel for the Rule 23(b)(3) Settlement Class as well as the previously certified Rule 23(b)(2) Class.

5. The Court preliminarily approves the Settlement of this Action on the terms and conditions set forth in the Settlement Agreement as satisfying the requirements of Rule 23(e)(1)(B)(i)-(ii) and being sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the proposed Settlement to Class Members and holding a full hearing on the fairness of the proposed Settlement.

6. A hearing will be held on (Date), 2021 at (Time), p.m., in Courtroom 2325 of the United States District Courthouse for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, 60604 (the "Settlement Fairness Hearing"), to determine, among other things, whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

3

whether a Judgment as provided for in the Settlement Agreement should be entered in this Action; whether the Attorneys' Fees and Expenses Application should be granted; and whether the Request for Plaintiffs' Compensation should be granted.

7. The Court approves the form, substance, and requirements of the Notice and the Summary Notice (together, the "Notices"), and finds that the procedures established for publication, mailing, and distribution of the Notices substantially in the manner and form set forth in paragraphs 8 and 9 of this Order constitute the best notice practicable, are reasonably calculated, under the circumstances, to apprise Class Members of their right to object to the proposed Settlement, are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and meet all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law. The Court further finds that the Class Action Fairness Act notices ("CAFA Notices") served on state officials pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, fully comply with the applicable requirements of that Act. The CAFA Notices were timely delivered; the settlement agreement was filed in Court on \_\_\_\_\_ and the appropriate federal and state officials were served with the CAFA Notices on _____.

8. Defendant's Counsel shall, not later than twenty (20) business days after the entry of this Order, cause the Notice, substantially in the form annexed to the Settlement Agreement as Exhibit A-1, to be electronically mailed to the last known email address, or, if not available, by first class mail to the last known mailing address, of each Rule 23(b)(3) Settlement Class Member that can be identified through reasonable effort, and shall cause the Notice to be

prominently displayed on the home page of the Treasurer's website, http://icashillinoistreasurer.gov and http://illinoistreasurer.gov.

9. Defendant's Counsel shall cause the Summary Notice, substantially in the form annexed to the Settlement Agreement as Exhibit A-2, to be published on at least one occasion in *U.S.A. Today* not later than fourteen (14) business days after the entry of this Order, and to be included in the notice to claimants of the approval of payment of principal to owners of Unclaimed Property, for a period of one year or until Final Judgment is entered by the Court, whichever is later.

10. At or before the Fairness Hearing, the Parties shall file with the Court proof of electronic mailing or first class mailing of the Notice and proof of the publication of the Summary Notice.

11. Any Rule 23(b)(3) Settlement Class Member who wishes to be excluded from the Class must mail by first-class mail or otherwise deliver a Request for Exclusion to Counsel for Plaintiffs and the Classes and Counsel for the Treasurer care of the addresses provided in the Notice, postmarked or delivered no later than (_____), or as the Court may otherwise direct. A Settlement Class Member's Request for Exclusion shall include the following information: (a) name, (b) mailing address and email address, if there is one; (c) name of original property owner; (d) name of the person who claimed the property from the Treasurer; (e) dollar amount and date the claimant was paid; and (f) claim number and property identification numbers, if known. Unless otherwise ordered by the Court, any Settlement Class Member who does not file a timely Request for Exclusion shall be bound by the Release and by all proceedings, orders, and judgments in the Action, even if he, she, or it has pending or

5

subsequently initiates litigation, arbitration, or any other proceeding, or has any Claim, against any or all of the Released Parties relating to any of the Released Claims.

12. Any Class Member who did not file a Request for Exclusion from the Rule 23(b)(3) Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement, to any term of the proposed Settlement Agreement, to the request for an award of Attorneys' Fees and Expenses, or to the request for Plaintiffs' Compensation must file a written objection with the Court and serve the objection on Plaintiffs' Counsel and Defendant's Counsel by first class and electronic mail no later than _____ or as the Court may otherwise direct. A member of the Rule 23(b)(3) Settlement Class who requests to be excluded from the Class may not submit an objection.

13. The objection of the Class Member shall (a) demonstrate that the Class Member is a Class Member by including the name and mailing address of the original property owner, the name, mailing address and email address, if there is one, of the person who claims, or, if the property has been returned, claimed ownership of the property; the dollar amount of the claim, and, if paid, the date or approximate date the claim was paid, and if known, the unclaimed funds claim number and any property identification numbers; and (b) state which part of this Settlement Agreement the Class Member objects to and the specific reason(s) for each such objection made by the Class Member. The Class Member must provide the objection to each of the following:

Counsel for Plaintiffs and the Classes:

| | |
|---|---|
| Terry Rose Saunders | Arthur Susman |
| The Saunders Law Firm | Law Offices of Arthur Susman |
| 120 North LaSalle Street, Suite 2000 | 55 West Wacker Drive, Suite 1400 |
| Chicago, IL 60602 | Chicago, IL 60601 |
| Tel: (312) 444-9656 | Tel: (847) 800-2351 |
| tsaunders@saunders-lawfirm.com | arthur@susman-law.com |

Counsel for Defendant Treasurer of the State of Illinois:

> Sarah Newman
> Office of the Illinois Attorney General
> General Law Bureau
> 100 West Randolph Street, 13th Floor
> Chicago, Illinois 60601
> Tel: (312) 814-6131
> sarah.newman@illinois.gov

14. Class Members may file an objection on their own or through an attorney hired at their own expense. If a Class Member hires an attorney in connection with filing an objection, the attorney must file a notice of appearance with the Court and effect service on Plaintiffs' Counsel and Defendant's Counsel no later than (DATE).

15. A Class Member who files and serves a written objection pursuant to paragraph 12 of this Order -- and only such Class Members-- may appear at the Settlement Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the proposed Settlement Agreement, to the request of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses, or to the request for Plaintiffs' compensation. Class Members or their attorneys who intend to make an appearance at the Settlement Fairness Hearing must both file with the Court and serve Plaintiffs' Counsel and Defendant's Counsel with a notice of intention to appear by no later than (DATE). Any Class Member who fails to comply with any of the provisions of this paragraph shall waive and forfeit any and all rights he, she, or it may have to appear separately and/or object, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in this Action.

16. Unless the Court otherwise directs, no Class Member or other person shall be entitled to object to the Settlement, the Final Judgment to be entered herein, the request for an

award of Attorneys' Fees and Expenses, or the request for Plaintiffs' Compensation, or otherwise be heard, except by filing and serving written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all of the terms and provisions of the Settlement Agreement and by all proceedings, orders and judgments in the Action.

17. Defendant's Counsel and Plaintiffs' Counsel shall promptly furnish each other with copies of objections or requests for exclusion that come into their possession.

18. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not commence or prosecute any action or claim that is subject to the Release and dismissal contemplated by this Settlement.

19. The Court expressly reserves the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members.

20. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to receive just compensation pursuant to the Settlement shall be under the authority of this Court.

21. If the Court declines to approve the Settlement or declines to enter the Final Judgment, or if the Final Judgment entered by the Court is reversed or modified on appeal, then the Settlement shall terminate, and the Settlement Agreement, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and the Parties shall be restored to their respective positions as of March

10, 2020, except that Defendant shall receive no refund, repayment, or payment of Administration and Notice Expenses previously paid or incurred.

      22.    This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

                                                                        SO ORDERED.

Dated: _____, 2021  
Chicago, Illinois

                                                   HON. CHARLES P. KOCORAS  
                                                   UNITED STATES DISTRICT JUDGE