# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY D. KOLTON, S. DAVID GOLDBERG, JEFFREY S. SCULLEY, and HENRY C. KRASNOW, individually and on behalf of classes of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 16-cv-3792 ) Hon. Charles P. Kocoras ) |
| MICHAEL W. FRERICHS, Treasurer of the State of Illinois, | ) ) ) |
| Defendant. | ) ) |

**JUDGMENT APPROVING
<u>SETTLEMENT AND DISMISSING ACTION</u>**

WHEREAS:

A.      Plaintiffs, Anthony D. Kolton, S. David Goldberg, Jeffrey S. Sculley and Henry

C. Krasnow ("Plaintiffs"), on behalf of themselves and on behalf of the Classes they represent,

and Defendant, Michael W. Frerichs, Treasurer of the State of Illinois ("Defendant" or

"Treasurer") (together "the Settling Parties"), have entered into a Settlement of the claims

asserted in the above-titled action (the "Action"), the terms of which are set forth in an

Agreement of Settlement and annexed exhibits dated June 10, 2021 (collectively, the "Settlement

Agreement");

B.      This Court entered an Order Preliminarily Approving Proposed Settlement,

Directing the Issuance of Notice to the Classes, and Setting a Fairness Hearing, dated

_____, 2021 (the "Preliminary Approval Order"), preliminarily approving the proposed

Settlement, directing individual and publication notice to Rule 23(b)(3) Settlement Class

Members and publication Notice to Rule 23(b)(2) Class Members, scheduling a hearing for

_____, 2021 (the "Fairness Hearing"), providing Rule 23(b)(3) Settlement Class Members with an opportunity to request to be excluded from the class and providing Class Members, other than those Rule 23(b)(3) Settlement Class Members who requested to be excluded, to object to the proposed Settlement and to be heard at the Fairness Hearing;

C.      The Court held the Fairness Hearing on _____, 2021 at _____ a.m./p.m. to determine, among other things, whether (i) the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court, (ii) a Judgment as provided for in the Settlement Agreement should be entered, (iii) Plaintiffs' Counsel's Request for Attorneys' Fees and Expenses should be granted, and (iv) whether Plaintiffs' Request for Compensation should be granted; and

D.      The Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the parties to the Settlement and others, and otherwise having determined the fairness, reasonableness, and adequacy of the proposed Settlement of the claims of the Class Members against the Released Parties;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court finds that the distribution of the Notice, the publication of the Summary Notice, and the notice methodology, all implemented in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order:

(a)      constituted the best practicable notice to Class Members under the circumstances of this Action;

(b)      were reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action, (ii) the right of the 23(b)(3) Settlement Class Members to exclude themselves from the Class; (iii) the right of all Class Members to object to

any aspect of the proposed settlement and to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class, and (iv) the binding effect of the Order and Judgment in this action, whether favorable or unfavorable, on all Rule 23(b)(2) Class Members and Rule 23(b)(3) Settlement Class Members who did not request exclusion from the Class;

      (c)    were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

      (d)    fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

      2.    The Court finds that it has personal jurisdiction over all Class Members and that the Court has subject matter jurisdiction to approve the terms of the Settlement Agreement, including its exhibits, and including all documents submitted to the Court in connection with the implementation of this Settlement.

      3.    The Court finds that the terms and provisions of the Settlement Agreement were entered into by the Settling Parties in good faith and are fully and finally approves the Agreement as fair, reasonable, and adequate as to, and in the best interests of, each of the Plaintiffs and the Class Members, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law. The Settling Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

4. Within 60 days after this Judgment becomes final, the Treasurer will begin distributing just compensation payments to the members of the Rule 23(b)(3) Class and any members of the Rule 23(b)(2) Class whose claims have been paid since entry of the Preliminary Approval Order whose current mailing address can be verified through reasonable efforts and, if not verifiable, shall request confirmation of the Class Member's address; and shall begin including just compensation with payments of principal to Rule 23(b)(2) Class Members and Future Claimants.

5. The Court finds for the purposes of the Settlement only that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiff Henry C. Krasnow are typical of the claims of the Class that Plaintiff Krasnow seeks to represent; (d) Plaintiff Krasnow fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the Class members predominate over any questions affecting only individual Class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. For the purposes of the Settlement only, Plaintiff Krasnow is certified as Class Representative under Rule 23 of the Federal Rules of Civil Procedure, and Terry Rose Saunders and Arthur Susman are appointed Class Counsel.

6. The Court finds that all members of the Classes are bound by this Judgment Approving Settlement and Dismissing Action. The "Rule 23(b)(3) Settlement Class" as defined in the Settlement Agreement, means, all owners of Unclaimed Property whose Unclaimed Property Claims were paid or approved for payment from August 22,

2017 through (Date of Preliminary Approval), except those Class Members who submitted

Requests for Exclusion from the Class; the "Rule 23(b)(2) Class", as defined in the

Settlement Agreement, means all persons who were owners of Unclaimed Property held in

the form of money by the Treasurer as of (Date of Entry of Preliminary Approval Order).

7.      This Action, including all individual and class claims resolved by it, is hereby

dismissed on the merits and with prejudice, without fees or costs to any party except as

otherwise provided in this Judgment.

8.      "Released Claims" means any and all actual or potential, suspected or

unsuspected, known or unknown, asserted or unasserted claims, actions, causes of action,

demands, obligations, liabilities, attorneys' fees and costs, whether arising under local, state or

federal law, whether by statute, contract, common law, or equity, whether brought in an

individual, representative, or any other capacity, actual or contingent, liquidated or unliquidated,

that arise from or reasonably relate to the Action or the Settlement, including the Settlement Just

Compensation Measure, the Plan of Distribution or Defendant's failure to pay just compensation

on Unclaimed Property held by the Treasurer prior to August 22, 2017, provided that Released

Claims do not include covenants, obligations or other provisions, or claims relating to the

covenants, obligations or other provisions, set forth in the Settlement Agreement and do not

relate to any future enactments by the General Assembly regarding Unclaimed Property.

9.      With respect to Releases of the Parties:

        (a)  "Released Plaintiff Parties" means Plaintiffs, Class Members and Plaintiffs'

Counsel;

(b) "Released Parties" means Michael Frerichs, Treasurer of the State of Illinois and his representatives and successors in office and the State of Illinois, including every department, agency, instrumentality, or division of the State of Illinois and their Representatives.

10.     The terms and provisions of the Settlement Agreement and of this Judgment are binding on Released Plaintiff Parties, and they are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against any Released Parties.

11.     The Releases and relevant definitions, which are set forth in Sections 1.23, 1.27, 1.28 and 5 of the Settlement Agreement, are expressly incorporated herein in all respects.  The Release is effective as of the date the Final Judgment becomes Final and forever discharges the Released Plaintiff Parties and Released Parties from any claims or liabilities arising from or related to the Released Claims.

(a)     When the Final Judgment becomes Final, the Released Plaintiff Parties, for good and sufficient consideration, the receipt and adequacy of which is hereby acknowledged, shall be deemed to have, by operation of law and this Judgment, fully, finally, and forever released, relinquished, settled, and discharged all Released Claims against the Released Parties, shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting any such Released Claim against the Released Parties.

(b)     With respect to any and all Released Claims, the Plaintiffs expressly waive, and each of the other Released Plaintiff Parties shall be deemed to have waived, and by operation of the Judgment shall have waived, the benefit of the provisions of California Civil Code Section 1542 (to the extent it applies to the action), which provides: "A GENERAL

RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR." Released Plaintiff Parties having acknowledged the significance and consequence of this waiver of the provision of Section 1542, waive the provisions and protections of Section 1542, assume full responsibility for any loss that may be incurred by reason of such waiver, and hereby release unknown and unsuspected claims.

(c)     When the Final Judgment becomes Final, Plaintiffs further expressly waive, and each of the other Released Plaintiff Parties shall be deemed to have waived, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code Section 1542 or that would otherwise act to limit the effectiveness or scope of the releases. Plaintiffs expressly acknowledge, and the other Released Plaintiff Parties shall be deemed to have expressly acknowledged, that they may hereafter discover facts in addition to or different from those that any of them or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but, upon the date the Final Judgment becomes Final, Plaintiffs shall expressly have, each other Released Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims.

(d)     When the Final Judgment becomes Final, Defendant shall, by operation of law and this Judgment, fully, finally, and forever release, relinquish, settle, and discharge all Released Claims against the Released Plaintiff Parties, shall have covenanted not to sue the

Released Plaintiff Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting any such Released Claim against the Released Plaintiff Parties.

12.     The Court finds that all of the pleadings in the Action were filed in good faith in accordance with Rule 11 of the Federal Rules of Civil Procedure.

13.     The Court finds that Plaintiffs' Counsel and Plaintiffs adequately represented the Classes for purposes of negotiating, entering into and implementing the Settlement.

14.     Plaintiffs' Counsel is hereby awarded attorneys' fees in the amount of $_____. Plaintiffs' Counsel is hereby awarded reimbursement of litigation expenses in the amount of $_____. Defendant shall pay such attorneys' fees and litigation expenses from funds held in the Unclaimed Property Trust Fund.

15.     Plaintiffs Anthony D. Kolton, S. David Goldberg, Jeffrey S. Sculley and Henry C. Krasnow are hereby awarded the sum of $_____ each in recognition of their representation of the Classes. Defendant may pay such compensation from funds held in the Unclaimed Property Trust Fund, or from other funds appropriated to the Treasurer.

16.     Nothing in this Judgment shall preclude any action to enforce the terms of the Settlement Agreement or this Judgment.

17.     The Settling Parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached to the Settlement Agreement, provided that such amendments, modifications and expansions of the Settlement Agreement are not materially

8

inconsistent with this Judgment and do not materially limit the rights of Class Members under the Settlement Agreement.

18.     The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses or Plaintiffs' request for compensation.

19.     The Court reserves jurisdiction over the Action, including all future proceedings concerning the administration, consummation, and enforcement of this Settlement Agreement, and any action arising under or to enforce this Settlement Agreement shall be commenced and maintained only in this Court.

SO ORDERED.

_____
Honorable Charles P. Kocoras
United States District Judge

Dated:_____, 2021

Chicago, Illinois